UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:14cv475-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFAULT JUDGMENT** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| APPROXIMATELY $1,299,990.00 IN | ) | |
| UNITED STATES CURRENCY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion under Fed. R. Civ. P. 55(b)(2) for a default judgment of forfeiture against the defendant property.

THE COURT FINDS THAT:

1. A verified complaint for forfeiture *in rem* of the defendant property was filed on August 28, 2014. This Court found probable cause for forfeiture and issued a warrant for arrest *in rem*.

2. Process was fully issued in this action and returned according to law. Pursuant to the warrant for arrest *in rem*, the government duly seized the defendant property. Service of process was made by internet publication of notice, as shown by the declaration filed herein on November 4, 2014.

3. No person has filed a verified claim or an answer within the time allowed by law, and the Clerk has accordingly entered default.

4. Based on the affidavit of ATF Special Agent Brian Pelletier and two indictments in related criminal cases, filed with the complaint, the government has shown probable cause to believe that the defendant property is subject to forfeiture because it constitutes or is derived from proceeds of the interstate transportation of stolen property in violation 18 U.S.C. § 2314 and/or proceeds of the receipt and possession of stolen property which had been transported in interstate commerce in violation of 18 U.S.C. § 2315, which are specified unlawful activity under 18 U.S.C. § 1961(1)(B), as incorporated by 18 U.S.C. § 1956(c)(7); and/or because it constitutes or is derived from proceeds of a conspiracy to commit one or both of those offenses in violation of 18 U.S.C. § 371; and/or because it was involved in a money laundering transaction or attempted transaction in violation of

18 U.S.C. § 1956(a)(1)(A)(i) and/or § 1956(a)(1)(B)(i), and/or a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and that it is therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and (C).

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the government is entitled to a judgment of forfeiture by default against the defendant property.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The government's motion for default judgment of forfeiture is hereby granted.

2. Any and all right, title and interest of all persons in the world in or to the following property is hereby forfeited to the United States; and no other right, title, or interest shall exist therein:

> (a) approximately $1,299,990.00 in United States currency seized on or about November 30, 2011, from the residence of Kamal Zaki Qazah, 21 Farrier Court, Columbia, South Carolina;
>
> (b) approximately $70,000.00 in United States currency seized on or about November 30, 2011, from a vehicle on the lot at 7 Stars Auto Sales, 308 Highway 601 South, Columbia (Lugoff), South Carolina; and,
>
> (c) approximately $181,950.00 in funds representing proceeds from the sale of the inventory (consisting of 32 vehicles, a boat, and a jet ski) of 7 Stars Auto Sales, 308 Highway 601 South, Columbia (Lugoff), South Carolina, pursuant to an order entered by Chief District Judge Frank D. Whitney and filed in the related criminal case, No. 3:11CR373-FDW, on August 20, 2012 (Doc. 182).

3. The United States is hereby directed to dispose of the forfeited defendant property as provided by law.

_____
Frank D. Whitney
Chief United States District Judge